UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NENG SAYPAO PHA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>GARY SWARTHOUT,<br><br>　　　　　Respondent. | No.  2:13-cv-1133-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding with counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition on the ground that all but one of the claims is unexhausted.  ECF No. 14.  Petitioner opposes the motion and respondent has filed a reply.  ECF No. 16, 17.  The case was before the undersigned on January 15, 2014, for hearing on respondent's motion.  Attorney Charles Bonneau appeared at the hearing on behalf of petitioner; attorneys Sally Espinoza and Justain Riley appeared on behalf of respondent.  For the reasons stated on the record and as set forth below, respondent's motion must be denied.

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

/////

1    In the petition for review filed in the California Supreme Court, the core factual
2 allegations of petitioner's claim were expressed as follows:

> About 11 days after the jury returned its verdicts, Juror No. 12 sent an e-mail to the prosecutor where she stated that she felt that "God used you to heal a part of me," and that the thought of the prosecutor actually prosecuting a person who had molested her some years prior "has gone deep into my soul." After the prosecutor shared a copy with defense counsel, the latter asked the court for disclosure of juror identification information so that he could investigate further in order to prepare a motion for new trial based on juror misconduct. . . . .
>
> At the hearing upon the requests, the trial court found that there was not a prima facie case of juror misconduct, since there was nothing in the e-mail that indicated that the juror had allowed her infatuation with the prosecutor to affect her deliberations in the case, or that she shared her views of the prosecutor with any other juror.
>
> * * *
>
> [T]his case presents the novel issue of a juror, on her own initiative, communicating with one of the parties in the case, after verdict, wherein she reveals her infatuation with the part and her belief that "God used you to heal a part of me." Such statements are a persuasive indication that the jur[or] allowed her deep feelings toward the prosecutor to sway her vote on guilt or innocence; and that she may have confided in other jurors, during deliberations, about her strong feelings about the prosecutor.
>
> * * *
>
> A defendant has a constitutional right to be tried by an unbiased, impartial jury. (U.S. Const., Amndmts. 6 and 14; Cal. Const., Art. I, sec. 16; *In re Hamilton* (1999) 20 Cal. 4th 273, 293; *Irvin v. Dowd* (1961) 366 U.S. 717. 722; *In re Hitchings* (1993) 6 Cal. 4th 97, 110.)
>
> * * *
>
> If animosity toward a party's attorney is sufficient to show bias, then by parity of analysis, "falling in love" with an attorney is also sufficient to show bias. Certainly the trial court should have granted the defense an opportunity to inquire into the matter further.

ECF No. 15, Lodged Doc. 7 at 16-18, 21, 24 (internal records citations omitted)

In the instant petition, petitioner presents one general argument – the denial of federal due process based on prejudicial juror misconduct. *See* ECF No. 1-1 at 21 ("petitioner was denied his federal constitutional right to due process because there was prejudicial juror misconduct,

3

involving an infatuation of a juror for the prosecutor, based on her own past victimization"); *id.* ("petitioner was tried by at least one biased juror, and he was denied Due Process by the failure to hold a hearing on the contamination of the remaining jurors by statements of Juror #12). In furtherance of this claim, petitioner asserts that: (1) "the prosecutor's use of vouching and expression of personal opinion, which might otherwise be deemed harmless . . . , takes on special significance when viewed through the eyes of Juror # 12. In her eyes he could do no wrong"; and (2) "trial counsel should have accentuated [Juror No. 12's potential bias], and should have pressed more vigorously for a new trial." *Id.* at 31, 33.

Respondent argues that the petition consists of four separate constitutional claims: 1) trial court error in failing to disclose identifying information of jurors or to hold an evidentiary hearing on juror misconduct; 2) juror bias; 3) prosecutorial misconduct; and 4) ineffective assistance of trial counsel. Respondent concedes that the trial court error claim is exhausted. ECF No. 14 at 3-4. Respondent argues the remaining three claims are unexhausted.

The petition for review before the California Supreme Court focused on the claim that the trial court erred in denying the request for an evidentiary hearing to explore the claim of juror bias. As noted, however, that petition also made clear petitioner's due process claim that Juror No. 12 was "infatuated" with the prosecutor, and therefore biased. Respondent's position that the juror bias claim was not fairly presented to the state court in the petition for review dices the issue too finely. *See*, *e.g.*, ECF No. 17 (arguing in the reply brief that petitioner's claim based on Juror No. 12's "impartiality," which was presented to the state court, is "related but not the same" to a claim of "actual bias"); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999) (warning against "unwarranted hairsplitting" in determining exhaustion of claims). Accordingly, the court finds that petitioner provided the California Supreme Court with a fair opportunity to consider the juror bias issue before presenting it to this court, and therefore it is exhausted.

At the hearing, petitioner's counsel clarified that he does not intend to assert free-standing claims based on prosecutorial misconduct or ineffective assistance of counsel. Rather, they are merely examples of why his claim of juror bias, if proven, made a difference in the outcome of the trial. In light of this clarification, respondent's motion to dismiss these "claims" as

1   unexhausted, appears moot.  At the hearing, however, respondent argued that even so construed,
2   these new factual allegations could not be raised in the federal petition because they were not
3   presented in the petition for review before the California Supreme Court.  Respondent is
4   mistaken. The instant petition does not raise new and distinct claims that were not presented to
5   the state courts.  The "ultimate question for disposition" as presented to both this court and the
6   California Supreme Court, is whether petitioner was denied due process based on prejudicial juror
7   misconduct.  *Picard*, 404 U.S. at 277.  Petitioner's "variations in the legal theory or factual
8   allegations" do not preclude this court from considering this ultimate question.  *See id.*  The court
9   finds that the allegations are properly before the court.

10       Given that the juror bias claim is exhausted, coupled with petitioner's concession that he
11  is not asserting free-standing claims of prosecutorial misconduct or ineffective assistance of
12  counsel, the court finds that the petition is exhausted.

13       Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss
14  (ECF No. 14) be denied, and that respondent be ordered to file an answer within 60 days from the
15  date of any order adopting this recommendation.

16       These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties. Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
21  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
22  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
23  Dated:  February 6, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE